## Sherry v. Hughes et al., Appellants.

*Negligence—Master and servant—Safe place to work—Dark aisle —Broken glass—Case for jury.*

In an action by an employee to recover damages from his employer for injuries sustained in consequence of coming in contact with broken glass in a dark aisle in defendant's establishment, the case is for the jury and a verdict for the plaintiff will be sustained where it appears that plaintiff was compelled to go through the aisle in obedience to an order of his foreman, who had placed the glass in the aisle without plaintiff's knowledge.

Argued Jan. 15, 1917.   Appeal, No. 188, Jan. T., 1916, by defendants, from judgment of C. P. No. 2, Philadelphia Co., March T., 1915, No. 2775, on verdict for plaintiff, in case of Joseph F. Sherry v. John F. Hughes, Peter J. Hughes, Margaret E. Hughes, trading as John F. Hughes and Company.  Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000 and judgment thereon. Defendants appealed.

*Errors assigned,* among others, were in refusing defendant's motion for judgment n. o. v. and in refusing a new trial.

*Michael Barnett,* with him *M. D. Hayes* and *E. P. Gallagher,* for appellants.

*Maurice V. Daniels,* for appellee.

PER CURIAM, February 19, 1917:

The appellee was injured by coming in contact with broken glass in a dark aisle in the establishment of his employers, through which he was compelled to go in obedience to an order of their foreman.  He had put the broken glass there the night before, but of this the plaintiff was ignorant.  The question of the defendants' negligence was clearly for the jury, and it and the contributory negligence of the plaintiff were submitted to them in a charge free from error.

Judgment affirmed.